### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

## AT CASSVILLE,

## APRIL TERM, 1853.

Present—JOSEPH H. LUMPKIN, ⎫
        HIRAM WARNER, ⎬ Judges.
        EUGENIUS A. NISBET. ⎭

No. 35.—JACOB HOLLINGSHED, administrator, &c. plaintiff in error, *vs.* HENRY ALSTON, defendant.

[1.] Where a testator by his will made the following devise and bequest, "I bequeath and will unto my dear wife, after the payment of all my just debts, *all my estate, both real and personal,* consisting in part as follows, (describing the property,) all which lands and negro slaves, I do will unto my dear wife, during her natural life, and at her death to dispose of the same in any manner she may think proper. And I further will and bequeath unto my said wife, my entire stock of every description and kind whatsoever, together with all my household and kitchen furniture, and farming tools and implements, and all other species of property, rights and credits, which may not be herein enumerated, I do most willingly, and of my own free will, bequeath unto my dear wife, by her to be used and disposed of as she may think proper for and to her own use and benefit forever. I do further will that my intentions specified in this my last will and testament, be carried out, and not perverted by any want of any technical form:" *Held,* that taking the whole will together, it was the intention of the testator to give an absolute estate in the property to his wife, restraining her however of alienation as to the land and negroes, dur-

ing her lifetime, and at her death, to dispose of the same as she might think proper.

Action for personal property, in Lumpkin Superior Court. Tried before Judge IRWIN.    October Term, 1852.

The facts of this case are as follows:

John Hollingshed, of Lumpkin County, departed this life, leaving a will, of which the following is the substance :

The 1st clause contains only the pious wishes of the testator. " 2ndly. I bequeath and will unto my dear wife, Eliza Caroline Hollingshed, after the payment of my just debts, all my estate, both real and personal, consisting in part as follows, (describing the property,) all of which lands and negro slaves, I do will unto my dear wife, Eliza Caroline Hollingshed, during her natural life, and at her death to dispose of the same in any manner she may think proper.   And I further will and bequeath unto my said wife, my entire stock of every description and kind whatsoever, together with all my household and kitchen furniture, and farming tools and implements, and all other species of property, rights and credits, which may not be herein enumerated, I do most willingly, and of my own free will, bequeath unto my dear wife, Eliza Caroline Hollingshed, by her to be used and disposed of as she may think proper, for and to her own use and benefit forever.   I do hereby constitute and appoint my dear wife, Eliza Caroline Hollingshed, my executrix, of this my last will and testament. I do further will, that my intentions specified in this my last will and testament, be carried out and not prevented for any want of any technical form."

Under this will, his widow, Eliza Caroline Hollingshed, qualified as executrix, and took possession of the property. She afterwards intermarried with Henry Alston, and died, having made no disposition of the property ; and her husband, Alston, was duly appointed her administrator.   Jacob Hol-

lingshed and Robert B. Lewis, obtained letters of administration *de bonis non*, on the estate of the aforesaid John Hollignshed, deceased, and brought their action against Alston for the recovery of the property conveyed in his will, to his widow, afterwards Mrs. Alston.

The cause went to the Jury upon the above material facts. The Court charged the Jury, that by the 2d clause in the will of John Hollingshed, his widow, Eliza, took a life estate only, with a power of appointment; that she had never exercised that power, and that there was a reversion to the estate of the testator, which reversion passed to the widow, Eliza Caroline Hollingshed, as legatee, under the general residuary clause in the will of John Hollingshed, deceased. The Jury found for defendant.

To the above stated charge of the Court, the plaintiff excepted.

WM. H. UNDERWOOD, for plaintiff in error.

T. R. R. COBB and J. WINGFIELD, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The general rule in the construction of wills, undoubtedly is, that where an estate is given to a person generally or indefinitely, with a power of disposition, it carries a fee; but if an estate *for life only*, is given by the testator to the first taker, by certain and express words, and there is a power of disposal annexed to it, so as to leave no doubt as to the *intention* of the testator, then a life estate only, would vest in the first taker.

Taking the whole of the testator's will together in this case, we are of the opinion, that it was his intention, that his wife should take an absolute estate in the land and negroes, *restraining* her power of alienation thereof, *during her life*. There is no other person, or class of persons, designated by the testator as the objects of his bounty; consequently he cannot be

supposed to have intended that the legatee named in his will, should hold the property in trust for anybody. The testator by his will intended to say, "I give my land and negroes to my wife absolutely, but she shall not dispose of the same during her lifetime; at her death, she may dispose of the same in any manner she may think proper." But suppose the plaintiff in error is right in his construction of the will, and that the wife took only a *life estate* under it, there being no disposition thereof by the wife at her death, and that the testator died *intestate* as to the property, after the termination of the life estate, still the wife would have taken it as the heir at law, under our Statute; so that, in either view of the question, the judgment of the Court below must be affirmed.