## L. R. Williams v. Anson J. Moore.

1. Common Law—*The Application of its Principles Changes with Changing Conditions.*—The application of the principles of the common law is modified from time to time, with the changing conditions under which business is transacted, obligations are entered into and men live.

2. Hotel Keepers—*Are Responsible for Baggage Received by Agent Outside of Hotel.*—A person who becomes the guest of a hotel, by giving his baggage checks into its possession, places the goods they represent in its custody, so far as to make the hotel keeper responsible for goods which by means of the possession of such checks his representative or agent receives, although the baggage be never brought to the hotel. And an expressman to whom the checks are given will be the agent of the hotel keeper, and not of the guest.

Trespass on the Case, for loss of a trunk. Appeal from the Superior Court of Cook County; the Hon. Nathaniel C. Sears, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed March 29, 1897.

### Statement of the Case.

Anson J. Moore, the plaintiff below, a resident of the city of New York, in the summer of 1893, visited the city of Chicago and sought accomodations at the Park Gate Hotel, on the corner of Sixty-third street and Stony Island avenue; of which hotel the appellant, L. R. Williams, defendant below, was proprietor. After engaging rooms at said hotel, appellee delivered to a clerk in the office of the hotel, a ch·  for a trunk in the custody of the Michigan Central Railway " for the purpose of obtaining said trunk and delivering it to him (appellee) at the hotel." The trunk was never received by appellee, and he brought this suit against appellant for the value of the same, with its contents.

On behalf of the defendant it was shown that the Park Gate Hotel did not keep in connection therewith any conveniences or facilities for transporting the baggage of guests from railroad stations to said hotel, and that when such transfer had to be made the agents of the defendant em-

ployed for the purpose a certain F. Burgeson, who was engaged in the express business in the town of Hyde Park; that Burgesen had often been intrusted by him with private duties of a like character, and that he was a suitable and proper person for such purposes.

Burgesen testified that he had been in the express business for some years at 5130 Lake avenue; that in 1893 he had the trade of the Windermere, Vermont, Cornell avenue, Holland and Park Gate hotels, and that he also did Plank's private expressing; that he received the plaintiff's trunk from the railroad and tied it on his wagon; that the trunk was a very cheap affair and worth about seventy-five or eighty cents. Witness further stated that his charge for delivering trunks at hotels was fifty cents, and that neither the defendant nor any one connected with the hotel received any part of his charges or fees, and that the trunk was stolen from his wagon when he was not present.

The jury returned a verdict for the plaintiff, assessing his damages at $334.10, upon which there was judgment.

Slusser & Johnson, attorneys for appellant.

John J. McClellan, attorney for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

The ancient rule was, that so soon as the goods of the guest were brought within the precincts of the inn, *infra hospitium*, the responsibility of the innkeeper for their safe keeping begun. Story on Bailments, Sec. 478; 2 Kent's Com. 503; Cayle's Case, 8 Coke, 32.

The application of the principles of the common law is modified from time to time; with the changing conditions under which business is transacted obligations are entered into and men live.

In this country the baggage of travelers is usually transported in cars separated from those in which its owners ride; such owners receive from the carrier checks, a kind of

receipt, upon surrender of which the luggage is given up to whomsoever, so equipped, calls for it. In consequence of this, it has become a frequent custom for travelers to hand their baggage checks to a representative of a chosen hotel, and there, as its guest, await the arrival of the baggage the check calls for. It has consequently been held that one who becomes the guest of a hotel, by giving his baggage checks into its possession, places the goods they represent in its custody, *infra hospitium*, so far as to make the inn-keeper responsible for goods which, by means of the possession of such checks, his representative or agent receives, although the baggage be never brought within the walls, yards or outbuildings of the hotel. Dickinson v. Winchester et al., 4 Cushing, 114-121; Sassun et al. v. Clark, 37 Ga. 242.

Appellant voluntarily undertook to bring the baggage of appellee from the railway station to the inn; for this purpose appellant selected such agency as he saw fit. As an inn-keeper he undertook to do this; an undertaking customary and usual with his profession; as an inn-keeper he expected to be compensated for such service; and as an inn-keeper he is liable for the loss of the goods of his guest.

There was before the jury no disputed question of fact, save as to the amount to which the plaintiff was entitled.

The court might properly have instructed the jury to find for the plaintiff, and his oral statement in its hearing that he would do so, was immaterial.

The judgment of the Superior Court is affirmed.