## CARHART v. WAINMAN.

1. Where a petition alleges that the plaintiff was a guest at a hotel and delivered a baggage-check, given him by a railroad company, to the porter of the hotel whose business it was to receive baggage and deliver it to the guests, and that thereafter the plaintiff made demand upon the proprietor for the baggage or the check, and the proprietor refused to deliver either, such petition sets forth a cause of action against the proprietor of the hotel, and should not be dismissed upon demurrer. The delivery of the check was prima facie evidence of a delivery of the baggage.
2. Whether the railroad company brought the baggage to its destination or not is a matter of defense to be made on the trial.
3. If in such a case the refusal of the landlord to deliver either the check or the baggage is capricious and prompted by bad faith, or puts the guest to unnecessary expense, the latter may recover attorney's fees as a part of his damages.

Submitted January 7, — Decided February 5, 1902.

Action for damages. Before Judge Bower. City court of Bainbridge. March 5, 1901.

*Randolph B. Russell* and *Sig. Nussbaum,* for plaintiff.
*Albert H. Russell* and *W. M. Harrell,* for defendant.

SIMMONS, C. J. An action was brought by Carhart against Wainman, the proprietor of a hotel. The petition alleged that the plaintiff went to Bainbridge, Georgia, on a certain train, and was given a check for his baggage (a trunk) by the agents of the railway company. On reaching Bainbridge plaintiff left the train and went to the hotel run by Wainman. Next morning he gave his baggage-check to a porter who was employed by the defendant at the hotel, and whose duty it was to receive baggage and deliver the same to the guests. The baggage was never delivered to plaintiff. He made repeated demands upon the proprietor for either the trunk or the check, but the proprietor refused to deliver either to him. The trunk contained his clothing and was of a stated value. The prayer of this petition was for the value of the trunk and its contents, and for attorney's fees. The defendant demurred on the ground that the petition set forth no cause of action, and did not allege that the trunk was ever delivered by the railroad company to the defendant or his agent or to any one else upon the surrender of the check. The defendant also demurred specially to the prayer for attorney's fees. The court sustained the demurrers generally. The plaintiff excepted.

We think the petition set out a cause of action. An innkeeper is bound to extraordinary diligence in preserving the property of his guests entrusted to his care. Civil Code, § 2935. He is also bound by the actions of his servants within the scope of their employment. *Sasseen* v. *Clark*, 37 *Ga.* 242. If, therefore, a traveler gives his railroad baggage-check to a servant of an innkeeper whose duty it is to receive and deliver baggage to the guests, and the baggage is lost after it comes into his hands, the innkeeper is liable for the value of the baggage lost. If, after he has received the baggage, the innkeeper refuses to deliver it to the guest upon demand, he would be likewise liable. The delivery of the baggage-check to the innkeeper was, prima facie, equivalent to a delivery of the trunk. The check was a token or receipt for the plaintiff's trunk. While it was not conclusive of the delivery, it was prima facie evidence thereof. 4 Elliott, R. R. § 1655. The fact that the petition does not state that the porter received the trunk from the railroad company was not good ground of demurrer. That is a matter for defense. The innkeeper or his servant knew more about the delivery of the trunk than did the plaintiff. The defendant could easily show whether the trunk had been received or not, and it would be difficult for the plaintiff to do so. Of course, if it should appear that the trunk was not delivered by the railroad company, the innkeeper would not be liable. Being bound to extraordinary diligence in the preservation of the baggage delivered him by guests, it is incumbent on the innkeeper to show that the trunk was not received by him or his servants. The guest makes out a case, prima facie, when he shows the delivery of the check to the servant within the scope of whose employment was the getting of baggage and delivering it to the guests, and that the innkeeper has refused to deliver to him the baggage or the check.

As to the special demurrer to the claim for attorney's fees, if the trial judge put his judgment upon that ground, he was no less in error. The petition alleged that the innkeeper had capriciously refused to comply with the plaintiff's demands for the delivery of the trunk or the check, and that the plaintiff was compelled to employ counsel to enforce his rights. If these allegations are true, then, under the Civil Code, § 3796, the jury might allow the plaintiff his attorney's fees as damages.

　　　　*Judgment reversed. All the Justices concurring.*