## HUCKINS HOTEL CO. v. CLAMPITT.

No. 12092—Opinion Filed Feb. 5, 1924.

Rehearing Denied April 1, 1924.

(Syllabus.)

1. **Innkeepers—Liability for Loss of Baggage En Route to Depot.**

An innkeeper who undertakes to transport the baggage of a guest from the hotel to the railway station is liable for loss of such

property under section 5210, Comp. Stat. 1921, until delivery at the designated place.

## 2. Negligence—Liability—Independent Contractors.

Where a person either by contract or by law owes an obligation to another, he cannot escape liability for negligence in performance of such obligation by delegating the duty to an independent contractor.

## 3. Innkeepers—Liability for Loss of Baggage—Transfer by Independent Contractor.

An innkeeper who undertakes to transport the baggage of a guest to the station is not relieved from the liability imposed by section 5210, Comp. Stat. 1921, for the loss of such baggage because the delivery of the baggage was intrusted to an independent contractor.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by Blanche Clampitt against the Huckins Hotel Company. Judgment, for plaintiff, and defendant brings error. Affirmed.

Everest, Vaught & Brewer, for plaintiff in error.

Geo. P. Glaze and Henry L. Goddard, for defendant in error.

COCHRAN, J. This suit was instituted by the defendant in error to recover from the plaintiff in error for the value of a trunk and its contents, which had been intrusted to the plaintiff in error for delivery to the railroad station. The defendant in error was a guest at the Huckins Hotel for a short time, and late in the evening of a certain day she advised the hotel clerk that she intended to depart the next morning on the Santa Fe train and desired her baggage transferred to the Santa Fe depot so that it might be checked out early next morning. The plaintiff in error agreed to transfer the baggage to the station as requested, and procured the Huckins Hotel Transfer Company to transfer the baggage from the hotel to the station. The baggage was lost and it was contended by the plaintiff that the loss was occasioned through the negligence of the defendant. It was contended by the defendant that it intrusted the baggage for delivery to the Huckins Hotel Transfer Company and that such transfer company was an independent contractor in the handling of the baggage, and that the loss of the baggae was occasioned by negligence of the independent contractor, and no liability existed on the part of the hotel company for such loss. The case was tried to a jury and judgment rendered for the plaintiff, from which the defendant has appealed and alleges that the trial court erred in refusing to give to

the jury an instruction submitting the independent contractor defense, and the giving of an instruction which eliminated this defense. It may be conceded that the relation of independent contractor existed between the defendant and the transfer company, but it does not follow that the hotel company was relieved from liability for the loss of the trunk by reason of having intrusted the same to an independent contractor for delivery. The duty of an innkeeper to his guests is defined by section 5210, Comp. Stat. 1921, as follows:

"An innkeeper or keeper of a boarding house is liable for all losses of, or injuries to, personal property placed by his guests or boarders under his care, unless occasioned by an irresistible superhuman cause, by a public enemy, by the negligence of the owner, or by the act of someone whom he brought into the inn or boarding house; and upon such property the innkeeper or keeper of a boarding house has a lien and a right of detention for the payment of such amount as may be due him for lodging, fare, boarding or other necessaries by such guest or boarder; and the said lien may be enforced by a sale of the property in the manner prescribed for the sale of pledged property."

It is well settled that on the departure of a guest from the hotel where the innkeeper, or a servant acting within the scope of his employment, undertakes to deliver the guest's baggage at a railroad station, the relation of innkeeper and guest continues until delivery at the designated place. Dickinson v. Winchester, 58 Mass. 114; Sasseen v. Clark, 37 Ga. 632; Coskery v. Nagle (Ga.) 10 S. E. 491; Williams v. Moore, 69 Ill. App. 618; Giles v. Fauntleroy, 13 Md. 126; Maxwell v. Gerard, N. Y. Supp. 849; 32 C. J. 537. The defendant does not deny that it undertook to transport the baggage to the station, but contends that because it delivered the baggage to an independent contractor for transportation it is not liable for loss resulting from the negligent manner in which the baggage was handled by the independent contractor, and that it was error for the court to refuse to submit this issue to the jury. A person performing work through an independent contractor is not liable for damages caused by the negligent performance of the work by the independent contractor to third persons, except where the work is inherently dangerous or unlawful, but this general rule has no application to the instant case, because the defendant, by statute, owed an obligation to the plaintiff, which he could not escape by delegating to an independent contractor. The defendant in this case sought to escape the liability imposed by section 5210, Comp. Stat. 1921, by intrusting the property

of this guest to an independent contractor. While it could escape liability to third persons for the negligence of the independent contractor in transporting this baggage, it could not escape the duty which the law imposes upon it to its guests. The principle of law here involved is well stated in Minnetonka Oil Co. v. Haviland, 55 Okla. 43, 155 Pac. 217, as follows:

"We think that while the rule is well settled that one, who does work through the instrumentality of an independent contractor, it is not liable for damages, caused by the negligent performance of such work by the independent contractor, to third persons, except where the work is inherently dangerous or unlawful, it is equally well settled that, where a person either by contract or by law owes an obligation to another, he cannot escape liability for negligence in the performance of such obligation by delegating the duty to an independent contractor. * * * The plaintiffs stand in an entirely different relation to the defendant as to their rights and its duty in the premises from a third person who was a stranger to the contract under which the work was done. As the work, the negligent performance of which occasioned damages to plaintiffs, arose out of the contract between plaintiffs and defendant, the defendant is liable for the negligent performance of such work without regard to the means by which it undertook to perform the contract." C. O. & W. Ry. Co. v. Wilken, 16 Okla. 384, 84 Pac. 1086; M., K. & O. Ry. Co. v. Ferguson, 21 Okla. 266, 96 Pac. 755; Corrigan v. Elsinger (Minn.) 83 N. W. 492; Schulte v. United Electric Company (N. J. L.) 53 Atl. 204; O'Rourke v. Feiest, 59 N. Y. Supp. 157; Goodwin v. Mason & Leaberry (Iowa) 155 N. W. 966; St. Paul Water Company v. Ware, 16 Wall. 566; Atlantic, E. T. C. Ry. Co. v. Kimberly, 13 Ga. 277.

We are of the opinion that the trial court very properly refused to submit to the jury the independent contractor defense, and that the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, C. J., and NICHOLSON, MASON, and LYDICK, JJ., concur.