MISSOURI, K. & O. R'Y Co. v. FERGUSON.

No. 2001, Okla. T.    Opinion Filed May 15, 1908.

(96 Pac. 755.)

1.    MASTER AND SERVANT—Negligence of Independent Contractor —Liability of Master.  A railroad company may let to an independent contractor the contract to do such work as is not in itself necessarily or intrinsically dangerous to person or property, without incurring any liability for the negligence of the contractor's employes.

2.    SAME—Evidence—Case.  In a suit against a railroad company for negligently injuring an animal, where the proof shows it to have been injured by becoming intangled in a wire fence in the course of construction along defendant's right of way, it was error for the court to exclude evidence, offered on behalf of defendant, showing that the fence at the time was being constructed by an independent contractor.

(Syllabus by the Court.)

*Error from District Court, Logan County; John H. Burford, Judge.*

Action for injury to animal by Joel Ferguson against the Missouri, Kansas & Oklahoma Railroad Company. Judgment for plaintiff. Defendant brings error. Reversed and remanded.

On April 30, 1904, Joel Ferguson, defendant in error, plaintiff below, sued the Missouri, Kansas & Oklahoma Railroad Company, plaintiff in error, defendant below, hereafter called plaintiff and defendant, before a justice of the peace in Logan county, Okla. T., in damages for injury to an animal in the sum of $75, which was appealed to the district court of Logan county, and on trial anew in that court judgment was rendered in favor of the plaintiff, from which defendant has appealed to this court.

The complaint, in substance, alleges that defendant, Missouri, Kansas & Oklahoma Railroad Company, a corporation, was engaged in the business of owning, operating, and constructing a railway in said county and territory, and, while on February 27, 1904, by its employes and agents constructing a wire fence along its right-of-way across a farm, which plaintiff was occupying as tenant, carelessly and loosely stretched four strands of barbed wire the full distance across said farm, and securely fastened them with staples at both ends, leaving said strands lying on the ground in an exceedingly dangerous and hazardous position; that said line of fence, when completed, would form a part of an inclosure, belonging to plaintiff, where he had a large number of cattle and horses running at large, which fact defendant well knew; that by reason of said negligent construction of the fence on the part of the defendant a certain mare owned by plaintiff became intangled in said wire, seriously cutting and wounding it to its permanent injury, and to the damage of plaintiff in the sum of $75, for which he prays judgment, together with the sum of $20 for the loss of its services and $4 for medicines supplied by him in taking care of and treating the animal, in all the sum of $99.50.

For answer defendant pleads a general denial, and states

in substance, that the alleged injury was occasioned, if at all, by the act of servants, agents, or employes of an independent contractor or subcontractor, and not by the act of any agent, servant, or employe of the defendant; that the name of the contractor with whom said defendant made a contract for the erection of fences along its right-of-way was N. G. Vandeventer, and that a copy of said contract would be produced on the trial.

There was a trial to a jury, and after plaintiff had introduced evidence fairly tending to establish the allegations in his ·petition, defendant offered to prove that the negligence complained of was that of an independent contractor, as set forth in its answer, and offered in evidence its contract with N. G. Vandeventer, as such, wherein he agreed to furnish the men and material and construct, for an agreed price, some 250 miles of wire fence along defendant's right-of-way, of which the fence in question was a part, dated April 28, 1902. This was objected to by counsel, and excluded by the court, and exceptions saved. There was a verdict and judgment for plaintiff, from which defendant appealed.

*John E. Dumars, S. A. Calhoun, A. H. Huston,* and *C. G. Hornor,* for plaintiff in error.

*Dale & Bierer,* for defendant in error.

TURNER, J. (after stating the facts as above). Among the several assignments of error the only one necessary for us to consider is whether the court erred in excluding the testimony offered by defendant, to the effect that the negligence complained of was of an independent contractor. If defendant was not chargeable with the negligence of its independent contractor under the circumstances, then the testimony should have been admitted, otherwise not. In other words, does the doctrine of *respondeat superior* apply in this case? If it does, the testimony was properly excluded. If it does not, it was error to exclude it. It is contended by defendant that it does not apply; that the testimony was admissible for the reason that, as the act of fencing its right of way was not unlawful or intrinsically dangerous and that the in-

jury complained of did not result necessarily from the work, defendant was strictly within its rights to let its construction to an independent contractor, for whose negligence in the prosecution of the work it was not liable. This leads us to inquire as to the nature and character of the work that can be let so as to leave the liability of its negligent prosecution on the contractor.

The well-established rule is that:

"Where a person, exercising an independent employment, enters into a contract with another as an independent contractor, and not as a mere servant of the latter for the bestowal of his personal services according to the will of the latter, the doctrine of *respondeat superior* does not apply, and the contractor is alone liable for injuries arising from the negligence of himself or his servants, unless (1) the act to be done is unlawful; or (2) is intrinsically dangerous, or the injury resulted necessarily from the nature of the work, and not from the lack of care or skill on the part of those executing it; or (3) unless there be a personal and immediate duty on the part of the contractee to prevent, or use due care to prevent, the act or condition from which the injury arose." (1 Thomas on Negligence, p. 631.)

Again, 16 Am. & Eng. Enc. of Law (page 201) says:

"If the work contracted for is of such a character that it is intrinsically dangerous, or will probably result in injury to a third person, one contracting to have it done is liable for such injuries, though the injury may be avoided if the contractor take proper precautions; a distinction being made between such a case and one in which the work contracted for is such that, if properly done, no injurious consequences can arise"—and cases cited.

This is undoubtedly the rule supported by the weight of authority.

In *Callahan v. Burlington & Missouri River R. R. Co.*, 23 Iowa, 562 there was a demurrer to the petition, which the court sustained. On appeal, affirming the case the Supreme Court said:

"The petition does not allege that the burning of the wood, brush, etc., was in itself an act necessarily dangerous to the property of appellant, but avers that the damage resulted because the act was carelessly and negligently done. The appellant did not

sustain the loss on account of the act itself, but on account of the careless and negligent manner in which it was done. Appellee directed that the act should be done, and it was lawful and innocent in itself. The contractors only had control of those who did the act, and could alone direct the manner of its performance. The loss resulted from the manner of the act done. It is clear that appellee is not liable therefor."

*Wabash, etc., Ry. Co.* v. *Farver*, 111 Ind. 195, 12 N. E. 296, 60 Am. Rep. 696, was an action to recover damages for an injury to a traveler on a highway through the fright of his horse, caused by the negligence of the owner of a portable steam engine in operation in or near the highway, on a contract with the company to pump water out of an excavation which was being constructed by the latter, where he had exclusive control of the engine and the manner of using it. The court said:

"The question is whether, under the circumstances, the railway company is liable for the negligence of Williams, assuming that he was negligent in operating his engine so near the public highway. The rule which controls in cases of this class has become well established, and has more than once been recognized and applied by this court. *Ryan v. Curran,* 64 Ind. 345, 31 Am. Rep. 123; *Sessengut v. Posey,* 67 Ind. 408, 33 Am. Rep. 98; *City of Logansport v. Dick,* 70 Ind. 65, 36 Am. Rep. 166. Under this rule, where work which does not necessarily create a nuisance, but is, in itself, harmless and lawful when carefully conducted, is let by an employer, who merely prescribes the end, to another, who undertakes to accomplish the end prescribed by means which he is to employ at his discretion, the latter is, in respect to the means employed, the master. If during the progress of the work a third person sustains injury by the negligent use of the means employed and controlled by the contractor, the employer is not answerable."

In *Storrs v. City of Utica,* 17 N. Y. 104, 72 Am. Dec. 437, the court said:

"The cause of the accident therefore, was not in the manner in which the work was carried on by the laborers. If it had been, their immediate employer, and he only, was liable for the injury. But in a sense strictly logical, as it seems to me,

the accident was the result of the work itself, however skillfully performed."

*Negus v. Becker,* 143 N. Y. 303, 38 N. E. 290, 25 L. R. A. 667, 42 Am. St. Rep. 724, was a case in which the injury occurred from the falling of a wall, built by an independent contractor. The suit was against the parties employing the contractor. In holding that they were not liable the court said:

"They were within the exercise of their legal right in what they did, and it is impossible to say that they assumed any risk in building a wall of the height originally contemplated, so long as they contracted for one of suitable strength, and so adapted as to serve, when built, the purposes of the defendants' new building. * * * If there was a negligence in the construction of the wall, and its fall could be attributed to some negligent act of commission or omission in the process of construction, it is very clear that the party liable for the resulting damage would be the contractor."

Hence, as it does not appear that there was anything unlawful or intrinsically dangerous in the work of fencing defendants' right of way, or that the undertaking was such that an injury would necessarily result therefrom, we are clearly of the opinion that, in employing an independent contractor to discharge that duty, defendant was acting within its rights under the law, and was not liable for the negligence of such contractor, or the resulting damage to plaintiff, and that the evidence was improperly excluded, unless plaintiff's contention is true, and that is, in substance, that as section 1, art. 3, c. 9, Session Laws 1903, p. 139, c. 9, required defendant to fence its right of way, it cannot escape liability by employing a contractor for that purpose.

In support of this contention plaintiff cites *C., O. & W. Ry. Co. v. Wilker,* 16 Okla. 384, 84 Pac. 1086, 3 L. R. A. (N. S.) 595, but we do not think the case in point. In that case plaintiff was injured while attempting to cross the railroad on a defective highway after dark, and for that reason could not see its dangerous condition. The court held that the duty of maintaining the highway in a safe condition was imposed by law on the railroad

company, which duty could not be delegated; that if the highway was not so maintained, the railroad company was liable. As the injury in the case at bar did not result from a failure of the railroad company to build and maintain a fence, the case cited is not in point. Had the injury resulted in this case from a failure of the railroad company to maintain a fence, the court would probably hold, as it did in the *Wilker Case,* that the railroad company was liable. We have examined all the other authorities cited in support of this contention, and find that they likewise are not in point.

This, substantially, was plaintiff's contention in *Sanford v. Pawtucket Street Ry. Co.,* 19 R. I. 537, 35 Atl. 67, 33 L. R. A. 564. In that case the street railway company employed a contractor to construct its railway through the street. The court said:

"But he contends to this well-recognized rule there is one equally well-recognized exception, and that is that no one can escape from the burden of an obligation imposed upon him by law by the engaging for its performance a contractor. In view of this contention, it becomes necessary to ascertain precisely what obligation was imposed by law upon the defendant corporation regarding the construction of its road. Under the provisions of paragraph 3 of its charter the duties devolved upon the corporation are these, viz.: That it must put the streets and highways in which it shall lay any rails in as good condition as they were, and keep in repair such portions of the streets as shall be occupied by its tracks; and it makes it liable for any loss or injury that any person shall sustain by reason of any carelessness, neglect, or misconduct of its agents and servants in the management, construction, or use of side tracks or streets. Of course the defendant cannot discharge itself from its statutory obligations by engaging, for their performance, another—that is to say, it is bound, at its peril, to put the streets in which it shall lay rails in as good condition as they were before, and to keep in repair such portions of the streets as shall be occupied by its tracks—and hence, if it should contract with a third person to do this work, and this third person should fail to do it, the defendant would doubtless be liable. *Hole v. Sittingbourne & S. R. Co.,* 30 L. J. Exch. 81, 6 Hurlst. & N. 488. But such is not the case before us. Here the

case shows, not that defendant had failed to perform its said statutory duty, but that an independent contractor, in constructing the road—a thing which the defendant had the right to do itself, but was under no obligation to do—was guilty of negligence. * * * The defendant made no agreement with the contractor as to the particular manner in which the road should be constructed or the trolley wire erected; that is to say, the defendant did not authorize the contractor to place, stretch, or maintain a wire or rope across the street in the manner complained of. He was simply authorized to construct the road, thus leaving the manner of doing the same to his skill and judgment. Moreover, the work authorized to be done was not, in itself, a nuisance, nor was it necessarily dangerous or injurious. It was authorized by law. The manner in which it was done was the sole cause of the injury complained of. Hence the obstruction or defect created in the street was purely collateral to the work contracted to be done, and was entirely the result of the wrongful or careless acts of the contractor or his workmen; and in such case it is well settled that the employer is not liable. *Robbins v. Chicago*, 71 U. S. (4 Wall.) 657, 18 L. Ed. 432."

Substantially this contention was also raised in *Railway v. Yonley*, 53 Ark. 503, 14 S. W. 800, 9 L. R. A. 604. In that case the appellee brought suit against the appellant, and recovered damages, sustained by reason of the burning of a bridge which belonged to appellee, and was situate near the appellant's right of way. The complaint, in substance, alleged that the appellant, through its employes, caused the timber, grass, and stubble along its right of way and near the bridge to be set on fire, everything at the time being very dry and in a very combustible condition, and so negligently fired and managed the same after the fire was started that fire was communicated thereby to the bridge, which was totally destroyed. The act was done by an independent contractor of appellant. It was contended, however, that appellant was liable "(1) because the law imposes upon a railway company the duty to keep its right of way and track free of such matter as is liable to be ignited by sparks or cinders from its engines; and that it cannot delegate to another the performance of that

duty; (2) because the setting out of fire necessarily endangered the property of plaintiff, and the company having caused it to be set out would be liable whether it was set out by an independent contractor or by its agents." The court said:

"If the injury complained of had arisen from the escape of sparks from a passing engine, and the negligence charged had been in permitting inflammable matter to remain on the track or right of way, and if the defendant had sought to escape liability for the injury by showing that it had made a contract to have the matter cleared off, and that its presence was due to the negligence of the contractor, then the first position taken by counsel would be strong, and receive support from the authorities they cite. But the injury is charged to have risen, not because of the failure to keep the right of way clear, but by reason of the clearing of it in a negligent, careless and reckless manner. * * * In order that it may discharge its duty, it is authorized to employ means to that end. If individual proprietors could employ independent contractors to burn inflammable matter on their premises, without liability under the rule *respondeat superior* for injury resulting therefrom, a railway company under similar circumstances would enjoy the same immunity. * * * If one employs another to perform a work which, from its nature, is necessarily dangerous to the property of a third person, the employer cannot escape liability for the injury thereby done. In such cases the injury flows from the doing of the act as its natural consequences, and not from the manner in which the act is done. Mechem on Agency, § 747; Cooley, Torts, p. 646; *Bower v. Peate,* 16 Moak, 374; *Eaton v. European, etc., Ry. Co.,* 59 Me. 520, 8 Am. Rep. 430; *Bailey v. Troy, etc., R. R.,* 57 Vt. 252, 52 Am. Rep. 129; *A., T. & S. F. Ry. v. Dennis,* 38 Kan. 424, 17 Pac. 153; *Callahan v. Burlington, etc., Ry. Co.,* 23 Iowa, 562"—and reversed the case.

Hence we conclude that, as the work contracted to be performed was in itself lawful, and from its nature not necessarily or intrinsically dangerous to person or property, and not a duty, imposed by law on the defendant, such as could not be delegated to an independent contractor, we are constrained to hold that it had a right to do so, and, having done so, was not chargeable

with the negligence of the independent contractor complained of, and that the court erred in excluding the testimony. The case is reversed, and remanded for a new trial.

All the Justices concur.