## MINNETONKA OIL CO. v. HAVILAND *et al.*

No. 5542. Opinion Filed January 25, 1916.

(155 Pac. 217.)

1. **JUSTICES OF THE PEACE — Appeal — Pleading — Objection.**
Where the sufficiency of a bill of particulars is challenged for the first time by an objection to the introduction of evidence thereunder at the trial, upon appeal from a justice of the peace court, it is not error to overrule such objection unless there is a total failure to allege some matter essential to the relief sought,

even though the allegations contained in the bill of particulars are incomplete, indefinite, or conclusions of law.

2.    **APPEAL AND ERROR—Harmless Error—Exclusion of Evidence.** Any error in sustaining objections to evidence is rendered harmless, if the witnesses at the trial subsequently testify to the facts sought to be elicited by the questions to which objections were sustained.

3.    **MASTER AND SERVANT—Oil and Gas Lease—Negligence of Independent Contractor—Liability of Lessee.** A lessee under an oil and gas lease, who contracts with an independent contractor for the drilling of a well upon the leased premises, cannot thereby escape liability to the lessor for damage to the property of the lessor by the negligence of such independent contractor in drilling such well.

4.    **TRIAL—Refusal of Instructions Covered.** It is not reversible error to refuse requested instructions substantially covered by a charge which fairly states the law applicable to the issues of the case.

5.    **INSTRUCTIONS.** Instructions examined and held to be free from error.

(Syllabus by Rummons, C.)

*Error from County Court, Pawnee County;*
*Geo. E. Merrick, Judge.*

Action by Mattie Haviland and another against the Minnetonka Oil Company, a corporation. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Dillard & Blake,* for plaintiff in error.

*Hayes & Cleeton,* for defendants in error.

Opinion by RUMMONS, C.   This action was commenced in a justice of the peace court in Pawnee county by the defendants in error, hereinafter styled "plaintiffs," against the plaintiff in error, hereinafter styled "defendant," to recover damages for injuries to a peach orchard on the premises of plaintiffs resulting from alleged negligence of the defendant in drilling an oil well on said premises. Judgment was entered for the plaintiffs by default, and defendant appealed to the county court of

Pawnee county. The case was there tried to a jury, resulting in a verdict and judgment for plaintiffs, to reverse which defendant prosecutes this appeal.

The first error complained of by defendant is the overruling by the trial court of the objection of defendant to the introduction of any evidence on the part of plaintiffs for the reason that the bill of particulars failed to state a cause of action in favor of the plaintiffs and against the defendant. We do not think this assignment is well taken, for the reason that this action was instituted in a justice of the peace court, where the rules of pleading are considerably relaxed, and no attack was made upon the bill of particulars until the commencement of the trial. The rule is well settled in this state that a challenge to the sufficiency of a petition, made for the first time by an objection to the introduction of the evidence, is not favored, and that such objection should be overruled unless there is a total failure to allege matters essential to the relief sought, and should seldom, if ever, be sustained when the allegations are simply incomplete, indefinite, or conclusions of law. *Abbott v. Dingus,* 44 Okla. 567, 145 Pac. 365, and cases there cited. We have examined the bill of particulars complained of. It is open to some objection as to being indefinite and uncertain and pleading conclusions of law, yet we think it sufficiently states a cause of action to withstand an attack by objection to the introduction of evidence.

It is next contended that the court erred in sustaining objections to questions propounded by counsel for defendant upon cross-examination of the witnesses of plaintiffs and to questions propounded by counsel for defendant to its own witnesses. It is first insisted that the court erred in sustaining an objection to questions by

counsel for defendant, when cross-examining one of the plaintiffs, which questions were intended to elicit the fact that the stock which injured the orchard of plaintiffs was owned by the plaintiffs. Any error there may have beer in sustaining objections to these questions is rendered harmless by the fact that, on the same page of the record, it appears that this witness testified, without objection, that the stock doing damage was owned by plaintiffs; and it further appears in the evidence of the husband of this witness that these cattle belonged to the plaintiffs. So that the defendant had before the jury the evidence which it sought to elicit by the questions to which objections were sustained, and whether or not the court erred in sustaining such objection is purely an academic question.

The defendant sought to show by cross-examination of the witnesses of plaintiffs and upon direct examination of its own witnesses that the oil well on the premises of plaintiffs was not drilled in by defendant, but by an independent contractor. Objections were sustained by the court to questions seeking to elicit evidence to establish this fact, and objections were sustained to the offer of the defendant to prove that the work was done by an independent contractor. Defendant complains most seriously of these rulings of the trial court. It seems that the plaintiffs were the owners of a tract of land in Pawnee county upon which the defendant held an oil and gas lease. By the terms of the lease the defendant was precluded from drilling within 300 feet of any buildings on the premises. It was desired to drill a well near the southeast corner of said tract, where the residence and buildings of the plaintiffs were located, and plaintiffs and the defendant entered into an agreement by which the

terms of the original lease prohibiting the drilling of a
well within 300 feet of any building were waived by the
plaintiffs, and it was agreed that the defendant should
drill a well near the southeast corner of said tract of
land.   When the well was drilled, it was located just
north of the peach orchard, the damage to which is the
occasion of this suit, and the engine, boiler, and toolhouse
were located in the peach orchard.   The evidence of
plaintiffs tended to show that those drilling in the well
tore down the .fence surrounding the peach orchard,
which fence separated it from the corral of plaintiffs;
that plaintiffs caused such fence to be repaired and put in
a gate for the use of the drillers; but that such gate was
continually left open and such fence again torn down;
and that, by reason thereof, the stock got into the orchard
and damaged it.   The evidence of plaintiffs also tended
to show that several trees in the orchard were killed by
the heat and steam from the boiler used in drilling in
the well, and that other trees were damaged by teams
and wagons used and driven by persons employed about
the well.   The defendant offered to prove that it made an
independent contract for the erection of a derrick at the
place where the well was drilled, and that it made an
independent contract with one Oscar Childs to complete
a well on said premises and to furnish all material in
the drilling of the same and all men employed in the
drilling of said well; and that the defendant had no su-
pervision or right to exercise any authority over the
means or methods employed in drilling said well; and
that it could not and did not have any right or authority
to employ or discharge help; and that the well was not
to be paid for until entirely completed and turned over
to the defendant.   To this offer an objection was sus-

tained. , It further appears from the evidence that the engine, boiler, and toolhouse used in drilling the well could have been located by the driller at several other places on the premises, outside of the peach orchard.

It is the contention of the defendant that, because it employed an independent contractor to drill this well, it is not liable for any damage resulting from the negligent manner in which the same was drilled, or for any damage to the plaintiffs arising from the negligence of the independent contractor or his employees; and that therefore it was error to exclude from the consideration of the jury the facts sought to be established by the defendant. We have examined the authorities cited in the brief of counsel for defendant in support of this proposition, and we have reached the conclusion that the authorities so cited are not applicable to the facts of this case. The case of *Casement v. Brown*, 148 U. S. 615, 13 Sup. Ct. 672, 37 L. Ed. 582, only determines the proposition that an action will lie against an independent contractor for his negligence in the performance of his contract, and does not determine whether or not an action would lie against the employer of the independent contractor. The other cases cited are actions against one employing an independent contractor in the doing of work, by persons having no contractual relation with the employer, and to whom the employer owed no legal or contractual duty. We think that while the rule is well settled that one who does work through the instrumentality of an independent contractor is not liable for damages caused by the negligent performance of such work by the independent contractor, to third persons, except where the work is inherently dangerous or unlawful, it is equally well settled that, where a person

either by contract or by law owes an obligation to another, he cannot escape liability for negligence in the performance of such obligation by delegating the duty to an independent contractor. In the case at bar, by the terms of the oil and gas lease, as subsequently modified, the defendant had agreed with plaintiffs to drill an oil well upon their premises. By reason of this contract, it was the duty of the defendant to drill this well without doing any unnecessary damage to the property of the plaintiffs. The plaintiffs stand in an entirely different relation to the defendant as to their rights and its duty in the premises from that of a third person who was a stranger to the contract under which the work was done. As the work the negligent performance of which occasioned damage to plaintiffs arose out of the contract between plaintiffs and defendant, the defendant is liable for the negligent performance of such work without regard to the means by which it undertook to perform the contract.

"One who is personally bound to perform a duty cannot relieve himself from the burden of such obligation by any contract which he may make for its performance by another person. Therefore the fact that he may have used the utmost care in selecting an agent to perform this duty, or that he has entered into a contract with any person by which the latter undertakes to perform the duty, is no excuse to the person upon whom the obligation originally rested, in case of failure of performance. His obligation is to do the thing, not merely to employ another to do it." (Shearm. & Redf. Neg. [5th Ed.] sec. 14.)

The Territorial Supreme Court, in *C., O. & W. Ry. Co. v. Wilkin*, 16 Okla. 384, 84 Pac. 1086, 3 L. R. A. (N. S.) 595, says:

"We do not think that any of these cases would sustain the contention that where a railroad company, under the law, was charged with a duty to the public, and the injury complained of resulted from a failure to properly discharge that duty, their liability could be avoided by showing that the work was done under an independent contractor."

In *M., K. & O. Ry. Co. v. Ferguson,* 21 Okla. 266, at page 269, 96 Pac. 755, at page 756, this court, citing 1 Thomas on Negligence, 631, says:

"The well-established rule is that: Where a person, exercising an independent employment, enters into a contract with another as an independent contractor, and not as a mere servant of the latter for the bestowal of his personal services according to the will of the latter, the doctrine of *respondeat superior* does not apply, and the contractor is alone liable for injuries arising from the negligence of himself or his servants unless (1) the act to be done is unlawful; or (2) is intrinsically dangerous, or the injury resulted necessarily from the nature of the work, and not from the lack of care or skill on the part of those executing it; or (3) unless there be a personal and immediate duty on the part of the contractee to prevent   *   *   *   the act or condition from which the injury arose."

In *Sciolaro v. Asch,* 198 N. Y. 81, 91 N. E. 264, 32 L. R. A. (N. S.) 948, the New York Court of Appeals says:

"The contract between the appellant and the National Steam & Operating Company did not relieve the former from the duty imposed upon him by the covenant of the lease between him and the plaintiff's employers. It was a duty which he could not delegate to another so as to relieve himself from the consequences of its non-performance." *Yazoo & M. V. R. R. Co. v. Crawford* (Miss.) 65 South. 462, L. R. A. 1915C, 250.

We think that under the law the defendant could not thus escape liability to the plaintiffs for negligence in the drilling of the well, resulting in damage to the property of plaintiffs, and that therefore the evidence sought to be introduced by defendant was properly excluded as immaterial.

Defendant complains of the refusal of the following instruction requested by it:

"You are instructed that if you find from the evidence in this case that the fence between the corral and orchard of plaintiffs was torn down by the defendant, and at the time same was torn down the plaintiffs had knowledge of that fact and knew that the plaintiffs' stock was going through said fence into the orchard of the plaintiffs, and if you further find that the fence could have been constructed, connecting with the fence at the west side of the boiler house and extending on the north side of the derrick and then connected with the east line of the corral fence, which would have prevented the cattle from going in said orchard, then and in that case the measure of damages would not be the injury done by plaintiffs' stock to the trees in said orchard, but would be the cost of the construction of said fence."

We think there was no reversible error committed in the refusal of this instruction, for the reason that instructions Nos. 4 and 5 given by the court presented to the jury the duty of the plaintiffs to minimize their damage even more favorably to the defendant than did the instruction requested. When the proposition covered by a requested instruction is fully covered by the instructions given by the court, it is not error to refuse such an instruction. We think, further, that the requested instruction is open to criticism as ignoring all the evidence in the case and as submitting to the jury just one arbi-

trary method by which the damage complained of might have been prevented by plaintiffs. *Seay v. Plunkett,* 44 Okla. 794, 145 Pac. 496; *Muskogee, etc., Co. v. Rye,* 47 Okla. 142, 148 Pac. 100; *Chicago, R. I. & P. Ry. Co. v. Carden,* 46 Okla. 557, 149 Pac. 127.

The last error complained of is the giving by the court of instruction No. 3. Counsel for defendant have not set out in their brief the instruction complained of, but we have examined the same, and do not think the court committed any prejudicial error in giving the same to the jury.

Finding no error in the record, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.