## TEXAS PIPE LINE COMPANY OF OKLAHOMA v. WILLIS.

No. 25408.  May 7, 1935.

Ames, Cochran, Ames & Monnet, C. H. Hayes, and Crawford W. Cameron, for plaintiff in error.

J. W. Dixon, for defendant in error.

PHELPS, J. The plaintiff (defendant in error) was walking along a road and was struck and seriously injured by a truck being driven by Cecil Decker in transporting iron pipe which was being removed from a nearby pipe line. He sued the Texas Pipe Line Company of Oklahoma, a corporation, alleging that Decker was its servant and acting within the scope of his employment at the time and place of the injury. He recovered a verdict and judgment against defendant, which defendant is now here on appeal, urging two propositions for reversal: That plaintiff's evidence was insufficient to establish the relationship of master and servant, and that defendant's undisputed evidence established that the driver was the servant of an independent contractor, and hence the defendant was not liable. Defendant contends that it was error for the trial court to overrule its demurrer to the plaintiff's evidence and that the trial court was further in error in refusing defendant's requested instruction for a directed verdict in its favor.

Such being the theory of appeal, we consider the evidence under the construction thereof which is most favorable to plaintiff. The burden of proving the relationship of master and servant was upon the plaintiff. The extent of plaintiff's proof in this connection was that the pipe-line right of way, or easement for the use of the land under which the pipe line was laid, was owned by the defendant; that the pipe line was being removed and hauled away for shipment or use elsewhere, some of it in Texas and a part of it for delivery to another point in Oklahoma for use by defendant. Though the record is uncertain on the point, we may assume that the pipe on the truck which struck plaintiff belonged to defendant. We may also presume, as could the jury, that the said pipe was being transported for the benefit of the defendant and with its consent. The plaintiff offered no other evidence concerning the relationship of the truck driver with the defendant corporation. It is unnecessary for us to determine whether the foregoing constitutes a prima facie case of agency, on account of the fact that defendant's second proposition is conclusive on the issues of this appeal.

The undisputed evidence of the defendant was to the effect that the Texas Pipe Line Company of Oklahoma, defendant, and the Texas Pipe Line Company of Texas are separate corporations (though that fact does not matter here) and that the Texas Pipe Line Company of Texas contracted with Holder & Menefee, independent pipe - line contractors, to remove and transport pipe from certain sections of pipe line in the state of Texas and also in Oklahoma, and the pipe line in question here was included in said contract. The truck driver, Decker, was employed, paid, directed, and entirely controlled by Holder & Menefee, the independent contractors. It does not appear that any representative or employee of either the Texas Pipe Line Company of Oklahoma or the Texas Pipe Line Company of Texas was in, near, about, or engaged in the work of removing and transporting the pipe in question. Holder & Menefee used their own equipment, and paid their own employees, and neither the Oklahoma corporation nor the Texas corporation had any hand in or connection with the work of removing and transporting the pipe, other than the execution of the contract made between the Texas Pipe Line Company of Texas and Holder & Menefee. The consideration received by Holder & Menefee for removing and transporting the pipe was so much per foot thereof, delivered at destination. The contract was in writing and was introduced in evidence. One paragraph thereof was to the following effect:

"It is stipulated and agreed that the contractor is an independent contractor and has full power and authority to select the means, methods, and manner of performing the work herein contracted for, and is responsible to the company only for the results herein contracted for, and that the company shall not have the power or authority to direct, supervise, or control the contractor in the means, manner, or method of the performance of the work, but that said contractor shall be responsible to the company for the faithful completion of the work herein contracted for, and in accordance with the specifications and plans hereto attached and referred to."

The foregoing provision of the contract would not in itself establish the status of independent contractor if the practice under said contract should vary with its terms; in other words, merely because parties execute a contract which on its face would create the relationship of independent contractor, that relationship is not thereby created, as to injured third parties, unless the practice under said contract conforms to that relationship. A master may not escape liability for the negligent acts of his servant by an agreement with the servant that the servant is an independent contractor, if in practice under that contract the tests as to who is an independent contractor are not satisfied. But in the instant case those tests are satisfied and the defendant took it upon itself to establish by evidence which was undisputed that the contract was entered into and performed in good faith. Mr. Holder, of the firm of Holder & Menefee, and also the driver of the truck, and an officer of the Texas Company, testified to facts thoroughly establishing that Holder & Menefee, as independent contractors, had and used full power and authority to select the means, methods, and manner of performing the work, that they were responsible to the company only for the results, and that the defendant did not have or seek to exercise the power or authority to direct or control Holder & Menefee in the means, manner, or method of performance of the work. The facts further indicated that the said contractors were responsible to the defendant only for the faithful performance of the work contracted to be done. It does not appear from the record that any representative of either the Oklahoma corporation or the Texas corporation was present at or had any connection whatever with the work being done, except in the execution of said contract in the beginning.

This case meets all of the tests we have repeatedly laid down for the determination of whether one is a servant or an independent contractor, and under the state of the evidence the trial court should have ruled as a matter of law that the driver of the truck was the servant of Holder & Menefee, and that the latter were independent contractors, since the evidence on that issue was neither inherently improbable nor contradicted. The facts here are almost identical with those in Producers' Lumber Co. v. Butler, 87 Okla. 172, 209 P. 738, on the question of the relationship, and in that case we held that the driver was not the servant of the defendant but of the independent contractor who had contracted with the defendant. In that case we said:

"An 'independent contractor' is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer except as to the result of the work"

—and in Gulf, C. & S. F. Ry. Co. v. Beasley, 67 Okla. 27, 168 P. 200, we held that where a contract is in writing, or the terms there-

of are undisputed, even though resting in parol, or if but one inference can be drawn from the evidence, it is the duty of the court to construe the contract and determine as a matter of law whether the relation is that of employer and independent contractor or of master and servant. In the latter case we also held that the defense of independent contractor is not an affirmative one, and need not be specially pleaded, but is available under a general denial.

But plaintiff argues that even if it be conceded that the driver was the servant of an independent contractor, the evidence shows that Holder & Menefee contracted only with the Texas Pipe Line Company of Texas, and that hence this defendant cannot avail itself of that defense. This creates a rather novel situation. The evidence fails to show any connection at all between the particular defendant here and the independent contractors. It appears that the Texas corporation and the Oklahoma corporation are connected in some manner with each other or with the parent company and are somewhat interlocking in their functions and operations. There are circumstances in which that fact would be of important legal significance, but it can make little difference in the situation here. Holder & Menefee being independent contractors, it can make no difference whether the Texas corporation or the Oklahoma corporation was the contractee unless one of them stepped out of that status and assumed the role of master, in which case it would have been incumbent upon plaintiff to offer evidence of that fact. If the performance of the independent contractor's duties involved in part the handling of the Oklahoma corporation's property, and the Oklahoma corporation made no attempt to direct the means, manner, or method of doing the work, nor to supervise it, nor to enter actively therein in any manner, then the Oklahoma corporation is as free from liability as if it had been the contractee in the first instance. Nor in the instant case is that fact changed if we assume that the work was being done for the benefit and with the consent of the Oklahoma corporation, for those assumptions are present in all cases where independent contractors are doing the work. Where an independent contractor is not doing the work, and we have before us no such undisputed relationship as is here apparent, benefit and consent are evidence of agency.

This opinion does not overlook the fact that a portion of the pipe was delivered to the president of the defendant corporation at the Texas Pipe Line Company of Texas station at Brooks, Okla. That delivery, even to the approximate number of feet delivered, was expressly provided for in the written contract, though no consignee was named in person, the description being "to Brooks Station, Oklahoma". It does not change the application of the above principles.

There is also some evidence in the record that the Texas corporation bought the pipe, or a part of it, from defendant. This probably accounts for the total absence of the defendant's participation in the work of removal.

Reduced to its simplest expression, we have this: A and B make an agreement that for a certain stated price B shall accomplish certain results for A. In accomplishing those results B enters onto the land of C and does certain things with C's movable property. C is not present, does not participate nor knowingly sanction any wrong. How, then, may C be charged with liability for the negligence of B's servant, especially after the servant is gone from his property? There is no legal connection between C and B's servant, therefore there is no connection between C and the negligence. In the doctrine of respondeat superior there can be no respondeat unless there is a superior.

The record is before us, properly challenged. Plaintiff has advanced no theory under which our duty will permit affirmance of the judgment. It is stated in his brief that he has offered all the evidence which it is in his power to present. Under those circumstances a new trial would not change the result. Accordingly, the judgment is reversed and remanded to the lower court, with directions to enter judgment for the defendant.

McNEILL, C. J., and RILEY, CORN, and GIBSON, JJ., concur.