Albert L. REYNOLDS and Linda Hassler Reynolds, Plaintiffs,

v.

SOUTHERN MANAGEMENT, INC., an Oklahoma corporation, et al., Defendants.

SOUTHERN MANAGEMENT, INC., an Oklahoma corporation, G.W. Harrel, an individual, Cross–Plaintiffs,

v.

WILLIAMS CONSTRUCTION CO., a Texas Corporation; et al., Cross–Claim Defendants.

No. CIV–92–1104–R.

United States District Court, W.D. Oklahoma.

April 12, 1994.

James A. Ikard, Abel Musser Sokolosky & Associates, Oklahoma City, OK, for Albert L. Reynolds and Linda Hassler Reynolds.

Brently C. Olsson, Huckaby Fleming Frailey Chaffin & Darrah and Michael L. Darrah, Durbin Larimore & Bialick, Oklahoma City, OK, for Southern Management Inc. and G.W. Harrell.

Gary W. Davis and LeAnne T. Burnett, Crowe & Dunlevy, Oklahoma City, OK, for Williams Construction Co.

Russell James Walker, Walker & Walker, Oklahoma City, OK, for Lantz Trucking.

William K. Elias and Gregory A. McKenzie, McKenzie Moffett & Sykora, Oklahoma City, OK, for Pool Well Service.

Mona S. Lambird, William D. Watts, and Michelle Johnson, Andrews Davis Legg Bixler Milsten & Price, Oklahoma City, OK, for Oil Field Rental Service Co.

Earl D. Mills, Bill M. Roberts, Mills & Whitten, and David B. Donchin, and Gerald E. Durbin, II, Durbin Larimore & Bialick, Oklahoma City, OK, for Oklahoma Plugging and Equipment.

Rebecca A. Lloyd, U.S. Dept. of Justice, Denver, CO, Michael T. McCaul, and Ann Varnon Crowley, U.S. Dept. of Justice, Civ. Div., Torts Branch, Washington, DC, for U.S. Army Corps of Engineers.

James A. Ikard, Abel Musser Sokolosky & Associates, and Richard M. Klinge, and Christopher A. Wood, Klinge & Wood, Oklahoma City, OK, for Mavis Pauline Libby.

### ORDER

DAVID L. RUSSELL, District Judge.

Before the Court is the United States' Motion to Dismiss Tort Claims. Third Party Defendant United States moves the Court to dismiss the tort-based cross claims asserted against it by Defendants/Cross Claimants Southern Management, Inc. and G.W. Harrell, ("Cross–Claimants") pursuant to Fed. R.Civ.Pro. 12(b)(1) for lack of subject matter jurisdiction.

The United States challenges the Court's subject matter jurisdiction over the Cross–Claimant's tort claims on the ground of sovereign immunity. A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction should be treated as a motion for summary judgment under Rule 56 if the jurisdictional issue is intertwined with the merits of the case. *Redmon ex rel Redmon v. United States,* 934 F.2d 1151, 1155 (10th Cir.1991). In this case, both parties have submitted evidentiary materials and other matters outside the pleadings, and the jurisdictional issues are intertwined with the merits of the case. Accordingly, the Court deems it appropriate to treat the United States' Motion as one for summary judgment. The Federal Tort Claims Act, Title 28

U.S.C. § 1346(b) ("FTCA"), provides a limited waiver of sovereign immunity for damages "caused by the negligent wrongful act or omission of any employee of the Government." The FTCA expressly defines the terms "federal agency" and "employee," and excludes liability for the actions of "any contractor within the United States." Title 28 U.S.C. § 2671. The statutory independent contractor exemption is not merely an exception; it is a limitation upon the FTCA's waiver of sovereign immunity. *United States v. Orleans,* 425 U.S. 807, 814, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976); *Logue v. United States,* 412 U.S. 521, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973).

■ It is undisputed that the United States Corps of Engineers and Williams Construction Company were parties to a contract whereby the Corps of Engineers hired Williams to remove wash water from the cleaning of underground storage tanks at the Clinton–Sherman Air Force Base. Although their Amended Cross–Claim alleged that the United States Corps of Engineers was negligent in failing to properly label or identify the wash water before the Contractor picked it up for disposal (Amended Cross Claim, pp. 1–2); their Response to the United States' Motion to Dismiss makes no such allegation.

The United States' contract with Williams provided that the removal and disposal of the wash water was the responsibility of the contractor. Moreover, Williams was responsible for complying with all applicable federal state, and local laws and regulations concerning environmental protection, including all regulations pertaining to the characterization, transportation and disposal of the washwater. The Cross–Claimants allege in their Amended Cross–Claim that the United States Corps of Engineers was negligent in that it failed to properly identify the ingredients of the wash water, and that they would not have deposited the wash water in the disposal well if the United States Corps of Engineers had fully disclosed the contents. (Amended Cross–Claim, pp. 1 and 2). The Cross–Claimants offer no evidence to support

the contention that the United States failed to identify or disclose the contents of the wash water to its contractor. Furthermore, the contract provided that the contractor was responsible for complying with all regulations concerning environmental protection, including all regulations pertaining to the characterization of the substances involved.[1]

The Cross–Claimants argue that the United States may be held liable for its Contractor's acts which breach a non-delegable duty under Oklahoma law. The Cross–Claimants, citing *Hudgens v. Cook Industries, Inc.,* 521 P.2d 813 (Okla.1973); *Oklahoma City v. Caple,* 187 Okl. 600, 105 P.2d 209 (1940), argue that under Oklahoma law, a principal hiring a contractor is liable to third persons for damages caused by the contractor's negligence where the work is inherently dangerous or unlawful or where the employer owes a contractual duty to the injured party in the performance of the work.

The Cross–Claimants allege that the United States knew or should have known that the industrial wash water which Williams was hired to remove could only be disposed of by depositing it in a Class II injection well. The Cross–Claimants argue that the United States owed a non-delegable duty under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 and the Toxic Substance Control Act to identify the contents of the chemicals in its wash water, and to insure that its contractors did not illegally dispose of the wash water. The Cross–Claimants contend that the contractors' conduct amounts to negligence per se under Oklahoma law, and that the United States is vicariously liable, *citing Dickerson, Inc. v. United States,* 875 F.2d 1577 (11th Cir.1989).

■ In *Dickerson,* the Court found that the United States had breached a non-delegable duty it owed under Florida law. The United States was liable because "[t]he acts and omissions of [the Government's] employees were such that if they had been private persons they would have been liable under Florida law, even though they had contracted

1. The Cross–Claim also pleads a claim for recovery of costs under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") against the United States, and negligence claims against Lantz Trucking, which are not addressed in the instant Motion.


with an independent contractor to dispose of waste material...." 875 F.2d at 1583. This Court does not interpret *Dickerson, supra,* as imposing vicarious liability upon the United States. To the extent that the *Dickerson* Court's non-delegable duty theory can be interpreted as imposing a form of vicarious liability, the better approach is that taken in *Walker v. United States,* 549 F.Supp. 973 (W.D.Okla.1982). In *Walker,* the Court held that the FTCA's limited waiver of sovereign immunity does not extend to Oklahoma's broad, common law exception for failure to exercise reasonable care in the course of inherently dangerous work on a 'non-delegable duty' theory. 549 F.Supp. at 978. While the FTCA leaves the Court free to look to the state law of torts and agency to define 'contractor;' it does not leave the Court free to abrogate the FTCA's independent contractor exemption through application of such state law exceptions. 549 F.Supp. at 975–976. *Accord, Logue v. United States,* 412 U.S. 521, 528, 93 S.Ct. 2215, 2219, 37 L.Ed.2d 121, 128 (1973).

The Supreme Court has made it clear that the determination of whose negligence the Government should be liable for is governed by the Federal Tort Claims Act, including its independent contractor exemption, and not by state law. *Logue v. United States,* 412 U.S. 521, 528, 93 S.Ct. 2215, 2219, 37 L.Ed.2d 121, 128 (1973). *Accord, Flynn v. United States,* 631 F.2d 678 (10th Cir.1980); *Walker v. United States,* 549 F.Supp. 973 (W.D.Okla.1982). Thus, while the United States may be liable for its own employees' breach of a duty owed under state law, it may not be held vicariously liable for the breach of a duty which is owed by its contractor.

Since the Cross–Claimants have not offered evidence of or adequately alleged negligent conduct on the part of the United States or its employees, the United States' Motion to Dismiss Tort Claims, which the Court treats as one for partial summary judgment, is hereby **GRANTED.**

**IT IS SO ORDERED.**