**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 8 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

OLD WEST ANNUITY AND
LIFE INSURANCE COMPANY,

Plaintiff-Appellee,

v.

PROGRESSIVE CLOSING &
ESCROWS, INC.; EDWARD JONES,
doing business as Progressive Closing
& Escrows, Inc.,

Defendants-Appellants.

No. 02-7082
(D.C. No. 01-CV-593-S)
(E.D. Okla.)

ORDER AND JUDGMENT  *

Before **TACHA** , Chief Judge,  **BRORBY** , Senior Circuit Judge, and    **HARTZ** ,
Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In this diversity breach of contract action governed by Oklahoma law, Progressive Closing & Escrow, Inc. and Edward Jones dba Progressive Closing & Escrow, Inc. (Progressive) appeal the district court's grant of summary judgment in favor of Old West Annuity and Life Insurance Company (Old West). We affirm.

The material facts of this case are not in dispute. The parties agree that Old West contracted with Progressive to close a $357,500 loan to certain borrowers on a forty-acre parcel of undeveloped commercial property and to place Old West in a first lien position on the property. Progressive closed the loan on October 29, 1999, but Old West was placed in a third lien position, behind two other mortgage loans that had been recorded on August 11, 1999. Old West eventually foreclosed on the property, but received none of the foreclosure proceeds because of its third lien position. It then brought a breach of contract claim against Progressive.

Progressive argued the contract was ambiguous and invoked a supervening impracticility defense. The district court rejected these arguments and granted summary judgment in Old West's favor. Further, the district court ruled that the proper measure of damages was "'the amount of money that is needed to put [Old

West] in as good a position as it would have been if the contract had not been breached.'" Appellant's App. at 75 (quoting Okla. Unif. Jury Instructions (OUJI) Civil 2d No. 23.51); *see also* Okla. Stat. tit. 23, § 21. Specifically, the district court ruled that damages would be the loan amount minus any payments received by Old West toward reduction of the loan. The parties then stipulated that, under the measure of damages determined by the district court, Old West's damages totaled $357,464.65.

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). "Summary judgment is appropriate 'if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Id*. (quoting Fed. R. Civ. P. 56(c)). "The interpretation of an insurance contract is governed by state law and, sitting in diversity, we look to the law of the forum state," here, Oklahoma. *Houston Gen. Ins. Co. v. Am. Fence Co.*, 115 F.3d 805, 806 (10th Cir. 1997).

Plaintiff first contends the contract is ambiguous because it did not obligate Progressive to warrant, guarantee or insure that Old West would be placed in a first lien position. In relevant part, the contract instructs Progressive:

Do not close or fund this loan unless ALL conditions in these closing instructions . . . have been satisfied.

* * *

You are authorized to disburse funds on the Borrower's behalf and to record all instruments when you comply with the following:

*This loan must record in a 1st lien position prior to the Loan Commitment expiration date.

Appellant's App. at 54.

Progressive argues that these terms are somehow inherently contradictory and, because there are no qualifiers or conditions, that reasonable jurors could differ on the scope of the agreement. Under Oklahoma law, "[a] contract term is ambiguous only if it can be interpreted as having two different meanings." *S. Corr. Sys., Inc. v. Union City Pub. Schs.*, 64 P.3d 1083, 1088, n.12 (Okla. 2002). "The Court will not create an ambiguity by using a forced or strained construction, by taking a provision out of context, or by narrowly focusing on the provision." *Id.* at 1089. We agree with the district court that the contract is not ambiguous. Indeed, Progressive has admitted it assumed a contractual duty to file a mortgage on Old West's loan such that Old West would have a first lien position. Appellant's App. at 23, 45; Appellant's Br. at 12.

Next, Progressive contends the district court erred in rejecting its supervening impractibility defense. Progressive claimed that it had contacted

a third-party abstractor to perform a title search, or "gap search," from the time the abstract of the property had last been brought current to the date of the loan closing and had received a verbal report from the abstract company that the title was clean. [1] Citing Restatement Second of Contracts § 261, [2] Progressive contends it was relieved of its duty to perform under the contract because a supervening event made performance impracticable, namely, a competing lien was filed before Old West's was recorded. Appellant's Br. at 10. Progressive further argues this supervening event occurred through no fault of its own because the third party abstractor informed it that title was clean. These arguments are without merit.

A § 261 impracticability defense requires a party to show that non-occurrence of the event was a basic assumption upon which the contract was based. *See Seaboard Lumber Co. v. United States*, 308 F.3d 1283, 1294-95 (Fed. Cir. 2002) (citing *United States v. Winstar Corp.*, 518 U.S. 839, 904 (1996), and § 261). To the contrary in this case, the risk of a competing lien was precisely the type of foreseeable event contemplated by the parties, and precisely

---

[1] The abstract company claimed it does not issue verbal gap search reports and the closing statements do not indicate any payment for a gap search. As noted below, this dispute is not material to Old West's breach of contract claim against Progressive.

[2] This provision states, "Where, after a contract is made, a party's performance is made impracticable without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his duty to render that performance is discharged, unless the language or circumstances indicate the contrary."

why Old West instructed Progressive not to close or fund the loan unless Old West's loan would be recorded in a first lien position. Indeed, the existence of competing liens was not even a "supervening" event, as they had already been recorded at the time of the contract and the closing.

Progressive's argument that it is not at fault because it received a verbal report of a clean gap search from a third party abstractor is also unavailing. Ordinary principles of contract law recognize that an obligor cannot free itself of contractually created duties by delegating them to another, without the consent of the persons to whom it is obligated. *See Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1278 (10th Cir. 1994); *Minnetonka Oil Co. v. Haviland*, 155 P. 217, 219 (Okla. 1916); Restatement (Second) of Contracts § 318(3). Old West did not consent to any delegation of Progressive's obligations under the contract to the third-party abstractor. Progressive's argument that it did not assume a duty to perform a gap search is disingenuous. It agreed under the contract to provide a title insurance commitment, and acknowledged it was required by the title commitment to perform a gap search. *See* Appellant's App. at 30, 31. More to the point, it assumed a duty not to close or fund the loan unless the first lien position condition was met, and it failed in that duty. In short, the district court correctly ruled that Progressive breached its contract as a matter of law.

Finally, Progressive contends the district court erred in determining damages. It agrees that the proper measure of damages is the amount of money needed to put Old West in as good a position as it would have been absent a breach. *See* Okla. Stat. tit. 23, § 21, OUJI 23.51. It contends, however, that the district court invaded the province of the jury when it ruled the amount of the loan, less any payments made by the borrower, constituted those damages. It argues a jury could have concluded that, had Old West received a first lien position in the absence of a breach, it could have successfully foreclosed on the property and, therefore, the measure of damages should be one of two appraisal values given for the property at the time of the foreclosure. We disagree.

Progressive breached the contract by funding the loan when it had not met the pre-conditions for doing so. Returning those funds to Old West most directly compensates it for the damages proximately caused by the loss of those funds. Moreover, under Oklahoma law, the amount awarded for breach of contract "must be ascertainable 'in some manner other than by mere speculation, conjecture or surmise, and by reference to some definite standard.'" *John A. Henry & Co., Ltd. v. T.G. & Y. Stores Co.*, 941 F.2d 1068, 1071 (10th Cir. 1991) (quoting *Great W. Motor Lines, Inc. v. Cozard*, 417 P.2d 575, 578 (Okla. 1966)). Progressive's proposal to use a speculative appraisal amount based on a foreclosure sale in which Old West is, hypothetically, the first lien holder, does not satisfy this

criteria.  We find no error in the district court's determination of the proper measure of damages.

The judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge